Good morning, Your Honor. My name's Linda Sullivan, and I, along with Jerome Kuh, who's at counsel table from the Public Defender's Office for the Western District of Washington, are representing Mr. Wilson in this appeal. I'd like to, first of all, reserve a couple minutes for rebuttal, about two minutes, if the Court would allow. And Mr. Wilson, in his appeal, raised two issues. The first concern, the denial of the motion to suppress and the legality of the search of his computer, and the second issue concerned the sentencing enhancement that the district court applied. And I'd like to address my oral argument to the second issue, which concerns the statutory sentencing enhancement that the district court applied. Mr. Wilson had been plead guilty to a count of production of child pornography, and the statute provides for a 10-year sentence, 15 years, if Mr. Wilson was found to have a prior conviction under the laws of any State relating to the exploitation of children. It's our contention that the district court erred by finding that Mr. Wilson did not have that conviction from Texas that elevated his sentence to 15 years as opposed to the mandatory 10 years. The language of 18 U.S.C. 2251d, under which he was sentenced, we believe is clear and unambiguous and simply directs the sentencing court to the laws of the State where the conviction was to determine if it is a conviction. We disagree with the government's reliance on the case of Dickerson and believe that Dickerson is limited by its own language to the construction of the term has been convicted, which is different than has a conviction. And Dickerson clearly limits its holding to the gun control law that it was construing at the time. Dickerson does prevent, present, excuse me, helpful language to the court by elucidating the elementary rules of statutory construction, which I know I'm reiterating, but simply says that if the language is unambiguous, it's conclusive unless there's a clearly expressed legislative intent to the contrary, none of which is obvious in 2251d. There's no legislative history to look at. Neither is there a definition of the word conviction in 18 U.S.C. 2251d. So a lot of Federal statutes do outline what constitutes a conviction, and Congress certainly knows how to define that term when it wants to use it. In fact, in Dickerson itself, the Court notes that the definition of convicted and conviction indeed vary from Federal statutes to Federal statutes. So what we have here in this statute with no statutory definition of conviction is the Court looking at the clear and unambiguous language of the statute, which Texas State law to determine whether or not what Mr. Wilson had was indeed a conviction under Texas State law. Ginsburg. So, counsel, you're arguing that our determination of whether or not there's a prior conviction hinges on State law as opposed to Federal law? Yes. We believe that the language of the Federal statute, without a definition of conviction, the language is clearly says, does the defendant have a conviction under the laws of any State? So I don't know. Do you have a case that you're relying upon to support your proposition that the determination of whether or not there's been a conviction, prior conviction, rests on State law? Because all of the cases seem to state the opposite. Well, there does not seem to be a case in point. And in the government's brief, they cite the case of Randolph, which I think is a Third Circuit case and a very recent case from 2004, where in the Court in that case notes that there is no case law on this issue of what conviction means under 2251d. There are analogies to what a conviction means under other Federal statutes, but we believe that we look to that for guidance. If we have a case that's addressing conviction, the term conviction under a different statute, and our case says we look to Federal law for that, why doesn't that guide our decision in this case? Well, because the context in what that is used in in those cases, for example, Dickerson being the most primary example, Dickerson clearly says that its holding is limited to what has been convicted means within the gun control law, because the purpose of the gun control law at that time was to broadly construe the language to catch as many people as possible who had had trouble with the law or had had mental health problems, regardless of their current status. The language of 2251 is distinctly different. It says, does the person have a conviction, or does he have a conviction, versus had been conviction or convicted. And we certainly have to – Congress certainly – we certainly have to give meaning to the congressional language when they enacted that language and didn't include a Federal definition of conviction. We think that there are two cases that are extremely helpful to this Court in the determining that, and one is a Fifth Circuit case, U.S. v. Fixx. And in U.S. v. Fixx, the Fifth Circuit said that a very similar prior Texas conviction, very similar to Mr. Wilson's, and I'll point out how in a minute, could not be the basis for a Federal prosecution under 18 U.S.C. 2250 – 22g. Mr. Fixx had had his conviction. He had been on probation. The Court had set aside his probation, granted him a new trial, and dismissed the matter. That's almost identical to what happened in Mr. Wilson's case. In Mr. Wilson's case, he was on probation. He had his conviction set aside, and the matter was dismissed. The only difference is the statute in Mr. Fixx's case in 1984, the statutory procedure under Texas law provided for the granting of a new trial. That statute was repealed in 1986 and replaced by Texas statute section 4212, which was the procedure followed in Mr. Wilson's case. So when the Fifth Circuit says, no, that cannot be a conviction for the basis for a Federal prosecution, they were construing Texas law that's identical to what happened to Mr. Wilson. There's also a Texas case on point, Quaylor v. State, which clearly says that under Texas law, the kind of discharge that Mr. Wilson had from his conviction cannot be considered a conviction for possession of – for a State possession of a firearm charge. So we think the definitions, the distinctions are very clear, and that Mr. Wilson's conviction clearly had been set aside and dismissed in 1991, and that it could not be the basis for a statutory enhancement. I think we have your argument at hand. Why don't we hear from the government, and then you've got some time for rebuttal. Thank you, Your Honor. Good morning, Your Honors. My name is Catherine Frierson, and I represent the United States, and I was also the prosecutor below on this case. Since Ms. Sullivan began with the second half of her two-point appeal argument, I guess I will address that as well. I think the direction is very clear from the Supreme Court, and I believe the appellant has conceded that the statute itself, Section 2251d, which governed Mr. Wilson's sentence at the time that he was sentenced, does not in any way reference State laws with respect to what counts as a conviction. Under such circumstances, Dickerson v. Banner clearly directs that this Court look to Federal standards for what counts as a conviction, and I believe that is what the district court did, and that is the correct decision in this case. The definition of conviction is a new question for this circuit. However, I did reference a Third Circuit court decision which also pointed out that the definition of conviction has not really been passed on by other circuits. However, in that decision, U.S. v. Randolph, the Third Circuit definitively also dismissed an argument by the defendant asking for it to look towards State law for the definition of conviction, and the Third Circuit rejected that, citing precisely Dickerson v. Banner. And with respect to this Fifth Circuit case law, which the appellant addressed, U.S. v. Fick's, it is a situation very different from the situation at hand here, Your Honor. If I recall correctly, what the Fifth Circuit in Fick's was addressing was whether a conviction, whether there was a sufficient conviction that went to an element, a predicate element, in order to convict someone of the felon in possession of a firearm. This is very different, Your Honor. That case came after the Congress, in responding to Dickerson v. Banner, then amended 922g to expressly state that State standards for conviction must count in order to decide whether there is a predicate offense that went to the element of a possession of a felon in possession of a charge. This is very different. This is a post-conviction enhancement provision. And under those circumstances, I think the decisions across the board have been uniform, that unless the Congress, unless the statute specifically requires the courts to look towards State standards for conviction, Federal standards apply. And in this case, the appellant concedes that there was no – there was no acquittal, there was no reversal on the basis of insufficiency of evidence of that prior conviction. Therefore, the conviction stands and can be counted. Can I ask you about the warrant, that is to say the – or the search pursuant to the warrant? As I understand what happened is that his computer was searched using a fairly broad criteria of search, which then produced, as part of that search and then in plain view within that search, the child pornography pictures that are the basis for this prosecution, even though the searcher wasn't looking for them. The searcher was looking for pictures that would have shown the false imprisonment of the complainant. Now, what gives the searcher the right to do a broad search, broader than is necessary, and then to say, well, I searched more broadly than I needed to, and right there in plain view with my over-broad search was incriminating material? Why doesn't the searcher have to start narrowly, and if she can't find what she's looking for, then she can go more broadly? With all due respect, I would like to take contention with the characterization that the search actually started broadly than – more broadly than what the warrant authorized. I didn't say warrant authorized. I said the necessary. I understand you've got an argument that the warrant authorized it, even though the – and the warrant was broader than the actual affidavit for which the warrant that was the – that justified the warrant. The warrant – all starting point for the breadth of the method of search, I believe the case law indicates, must start with whether there is a reasonable nexus between the method by which the officer searched and the objects of the search. In this case, the warrant authorized the officer to search for images of an alleged assault victim. In fact, the warrant authorized her to search for particular file types, JPEGs, GIFs, ART files. That is precisely where the officer started. She analyzed the hard drive, identified and sorted those files. In fact, she went specifically only to the JPEGs first. She did not even do a – a universal search for JPEGs, GIFs, and ART. And so your argument is that even though the warrant perhaps should have been drawn more narrowly, it was not, and that there's been no challenge to the breadth of the warrant? There was no challenge to the breadth of the warrant at all down below. And in fact, I believe the warrant was crafted and sought specific items as narrowly as possible. Once again, I think – I'm not sure that's right. And I don't think you need – I don't think you're going to lose the case because of this. What I'm after is – and this case may not present it very clearly because of the failure to challenge the breadth of the warrant. The in-plane view doctrine that we get from the physical world is, of course, you walk into the living room, you're looking for X, but there sitting on the – on the desk, you're entitled to see it. Computers, of course, it's all sort of metaphorical as to what's in-plane view. But if you want to carry the metaphor of physical space, well, I'm looking for something that's in the bedroom, or I'm looking for something that's likely to be in the location photo file. And if I know that that's where it's likely to be, or if I know where it's likely to be the files between the dates of X and Y, it would seem to me that the warrant should start out with that. Now, given the problems with dates on photographs, they may be manipulated, or they may simply be mistaken without conscious manipulation. I understand that that initial search may not turn it up. But should the warrant be able to start out with a broad and generic search when a narrower search may possibly turn up what they're looking for? I think that due to the problems with labeling – let me start back. The problem is that there is nothing independently objective about, for instance, the file-created dates that are being returned to an analyst when she opens up a hard drive and starts the analysis. That's the problem. In order to do an effective and reasonable search allowed by the warrant, she had to – she had to then begin with a category of files and review it. And I think the protection for the citizens and the protection for a potential subject of a criminal investigation comes not in trying to craft a priori a search warrant so narrow and precise that will – that will, in essence, hamper an official's investigation. The protection comes from what the officer did here in this case, precisely when she came across, perhaps, incriminating evidence of a different type not originally sought. She finds it and then says, I want a warrant to look for what I just found. And then the judge – and then we have an extra review by a judge that will then determine whether there is sufficient probable cause for her to then pursue this search. But if this warrant is – and again, I think this is hypothetical in this case because there was no challenge to the breadth of the warrant. But if a warrant like this is the routine warrant when somebody comes in and says, listen, I was in the house between dates X and Y, pictures were taken of me between those two dates and I have reason to believe that they're on the computer. If the warrant that comes out allows someone, the searcher, to look broadly, that means – and if that's the standard routine, that means any time a computer is searched, you're going to – there's going to be all kinds of stuff that's going to turn up, some of which is legal, some of which is not. This is not a – this is not a very narrow tailoring given what the warrant said you're supposed to look for. I guess even if the warrant had stipulated that this analyst can only search for pictures within a certain range of dates, even if that was what was specified in the warrant, I don't think the method by which she initiated the search would change precisely because one cannot tell, even when one sees a line of the file come up in a list of files, whether that really truly is that image within that date. Well, I understand that. That's to say, it may be that looking at those dates, she doesn't find anything. And then she says, you know what, the dates may be wrong. Right. And then I think it's perfectly permissible to go more broadly. But you're saying she doesn't have to start there? I guess that is our position. And because it's under this warrant, that may be right. Because I think ultimately the Fourth Amendment requirement is a reasonable one, not the most narrowly tailored one, a reasonable one, a reasonable one that would allow an officer to effectively conduct her investigation. And I think that reasonable standard was met in this case. Thank you, Your Honor. Thank you. Thank you, Your Honor. Just briefly in response to the last point that the Court was making about the search, we had raised the issue of the search being overbroad in both of the suppression hearing and in our appellate brief. And that was exactly our contention at the ---- But the search complied with the warrant, isn't that right? It's not overbroad given what the warrant authorized. No. We argue it was overbroad in its application, that the government had tools to restrict the search to the date or type of image, and that they didn't ---- But your argument is that even if the warrant allows you to search broadly, you nonetheless have to search narrowly? Right. Because the government had the tools to do that. But why is the searcher required to interpret the warrant more narrowly than the warrant itself says? Well, I think you're right. The searcher can rely on the language of the search warrant. Our argument was, is that the search warrant application could have been made more narrowly. And the ---- Did you challenge the breadth of the warrant as distinct from the breadth of the search under the warrant? I thought we had, Your Honor. But certainly we could brief that further if the Court wanted. Because that was an argument we made at the suppression hearing, was that the government had tools through their NK software to limit the search by date and type of image. The government's expert testified that, well, dates can be wrong on the computers, but there was no evidence that Mr. Wilson's computer's dates were wrong. And there was no evidence she looked at Mr. Wilson's computer. But you're saying that in the trial court you challenged not only the breadth of the search under the warrant, but you challenged the breadth of the warrant itself? I thought we had, Your Honor, yes. Can you point me in the record to where that is? I can't write it this minute, but I certainly could at a future date provide that to the Court. I think what we'll do, if we want it, we'll ask for it by further order. Okay. Thank you, Your Honor. Thank you very much. The case of United States v. Wilson is now submitted for decision. The next case on the argument calendar is United States v. O'Dell.
judges: Alarcon, W. Fletcher, Rawlinson